IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT PINHOLSTER,<br><br>          Plaintiff,<br><br>     v.<br><br>V. LAWSON, et al.,<br><br>          Defendants. | No. C 04-5484 SBA (PR)<br><br>**ORDER OF SERVICE AND GRANTING DEFENDANTS' MOTION TO SCREEN COMPLAINT**<br><br>(Docket no. 2) |

Plaintiff Scott Pinholster, currently incarcerated at California State Prison, San Quentin (hereinafter "San Quentin") filed a pro se civil rights complaint in which he alleges state law claims and claims under 42 U.S.C. § 1983. Plaintiff alleges that Officers V. Lawson and R. Brau (hereinafter "Defendants") violated his constitutional rights by authoring false statements against him concerning alleged prison gang activity, and by using these false statements to hold him in administrative segregation at the prison's Security Housing Unit (hereinafter "SHU") and to deny him certain privileges and programs. Plaintiff has paid the requisite filing fee.

On October 29, 2004, Plaintiff filed his complaint with the Marin County Superior Court. Defendants claim they received a copy of the complaint on December 3, 2004.

On December 28, 2004, Defendants removed the action to federal court pursuant to 28 U.S.C. § 1441(b). Because Plaintiff expressly asserted federal causes of action, the removal was proper. See 28 U.S.C. § 1331 (providing that district courts have original jurisdiction over actions arising under the laws of the United States). Venue is proper because a substantial part of the events giving rise to the action occurred at San Quentin, which is located in this judicial district. See 28 U.S.C. § 1391(b).

On December 29, 2004, Defendants filed a Motion for Screening Order and Waiver of Reply.

Plaintiff filed a Notice of Prior Exhaustion of Appeal on August 11, 2005 and provided the Court with copies of his inmate appeal forms.

The Court now reviews the claims raised in Plaintiff's complaint.

## BACKGROUND

Plaintiff makes the following allegations in his verified complaint:

Defendants V. Lawson (hereinafter "Lawson") and R. Brau (hereinafter "Brau") were both employed by the California Department of Corrections (hereinafter "DOC") as correctional officers at San Quentin, where Plaintiff was incarcerated. Plaintiff alleges that Lawson, an Institutional Gang Investigator, authored a false report stating that Plaintiff participated in prison gang activity. This report was allegedly based on Lawson's speculation that certain letters he reviewed indicated Plaintiff's participation in gang activity. Plaintiff also alleges that Brau, a counselor who sits on the prison's classification committee, used Lawson's false report to place Plaintiff in the SHU and to take away certain privileges (i.e., the denial of contact visits, use of telephones and access to group yards).

Plaintiff states that the false report alleged that he belonged to two prison gangs and was in charge of sponsoring inmates to join the gang. However, Plaintiff claims that he is not a member of any prison gang and that he has never been listed as a prison gang member. Plaintiff also claims that prior to being held at the SHU, San Quentin officials never properly validated Plaintiff as a gang member as required by DOC rules.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

//

**B.    <u>Legal Claims</u>**

Plaintiff claims that Defendants' use of the false report alleging his prison gang involvement against him and his eventual placement in the SHU violated his rights under the First, Eighth, and Fourteenth Amendments.

The Due Process Clause of the Fourteenth Amendment protects individuals against governmental deprivations of "life, liberty or property," as those words have been interpreted and given meaning over the life of our republic, without due process of law.  <u>Board of Regents v. Roth</u>, 408 U.S. 564, 570-71 (1972); <u>Mullins v. Oregon</u>, 57 F.3d 789, 795 (9th Cir. 1995).

The touchstone of due process is protection of the individual against arbitrary action of the government, whether the fault lies in a denial of fundamental procedural fairness (i.e., denial of procedural due process guarantees) or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective (i.e., denial of substantive due process guarantees). <u>See</u> <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 845-46 (1998).

Interests that are procedurally protected by the Due Process Clause may arise from two sources -- the Due Process Clause itself and the laws of the states.  <u>See</u> <u>Meachum v. Fano</u>, 427 U.S. 215, 223-27 (1976).  The hardship associated with administrative segregation is not necessarily so severe as to violate the Due Process Clause itself.  <u>See</u> <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1091-92 (9th Cir. 1986).  However, changes in conditions of confinement may amount to a deprivation of a state-created and constitutionally protected liberty interest, provided the liberty interest in question is one of "real substance," and, in particular, where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  <u>See</u> <u>Sandin v. Conner</u>, 515 U.S. 472, 477, 484-87 (1995).  Indefinite placement in the SHU may amount to a deprivation of a liberty interest of real substance within the meaning of <u>Sandin</u>, i.e., an "atypical and significant hardship."  <u>See</u> <u>Wilkinson v. Austin</u>, 125 S. Ct. 2384, 2394-95 (2005).

When prison officials determine that a prisoner is to be segregated for administrative reasons and a liberty interest of real substance is implicated, due process requires that such officials hold an informal non-adversary hearing within a reasonable time after the prisoner is segregated, inform the

prisoner of the charges against him or the reasons segregation is being considered, and allow the prisoner to present his views. See Toussaint, 801 F.2d at 1100; see also Wilkinson, 125 S. Ct. at 2397 (determining prisoner constitutionally entitled only to informal, non-adversary procedures prior to assignment to "supermax" facility).

Due process also requires that an evidentiary basis exist for a prison official's decision to place an inmate in segregation for administrative reasons. See Superintendent v. Hill, 472 U.S. 445, 455 (1985); Toussaint, 801 F.2d at 1104-05. This standard is met if there is "some evidence" from which the conclusion of the administrative tribunal can be deduced. Id. at 1105. Additionally, it has been held that the evidence relied upon to confine an inmate to the SHU for gang affiliation must have "some indicia of reliability" to satisfy due process requirements. See Madrid v. Gomez, 889 F. Supp. 1146, 1273-74 (N.D. Cal. 1995); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987) (holding evidence relied upon by prison disciplinary board must have "some indicia of reliability"). Finally, prison officials must engage in some sort of periodic review of an inmate's confinement in administrative segregation. See Hewitt v. Helms, 459 U.S. 460, 477 n.9 (1983). This review must amount to more than "meaningless gestures." Toussaint, 801 F.2d at 1102.

Here, Plaintiff alleges that prior to sending him to the SHU, Defendants never validated him as a gang member. Rather, Plaintiff alleges that Defendants only relied on letters which led to their speculation of Plaintiff's alleged prison gang activity. He further alleges that the evidence relied upon by Defendants in determining that he should be placed in the SHU was neither sufficient nor reliable. Therefore, Plaintiff argues that no evidentiary basis existed for Defendants' decision to place Plaintiff in segregation for administrative reasons. See Toussaint, 801 F.2d at 1104-05. He alleges that Defendants were responsible for these violations insofar as they participated in the decisions to keep him in the SHU and to take away his privileges. Liberally construed, such allegations state cognizable due process claims against Defendants.

## CONCLUSION

For the foregoing reasons,

1.  The Court finds COGNIZABLE due process claims against Defendants Lawson and Brau.

4

2. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of: (1) the removal notice and complaint as well as copies of all attachments thereto (docket no. 1); (2) Plaintiff's Notice of Prior Exhaustion of Appeal (docket no. 5); and (3) a copy of this Order upon: **Officers V. Lawson and R. Brau**. The Clerk shall also mail copies of these documents to the Attorney General of the State of California. Additionally, the Clerk shall serve a copy of this Order on Plaintiff.

3. The Court GRANTS Defendant's motion to screen complaint (docket no. 2) and directs the parties to abide by the scheduling order outlined below.

4. In order to expedite the resolution of this case, the Court orders as follows:

   a. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. In addition, no later than **thirty (30) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date their summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **forty-five (45) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

   > The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
   > Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in [Defendants'] declarations and documents and show that there is a genuine issue of material

5

> fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of [Defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff is advised that if he fails to submit declarations contesting the version of the facts contained in Defendants' declarations, Defendants' version may be taken as true and the case may be decided in Defendants' favor without a trial. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

  c. If Defendants wish to file a reply brief, they shall do so no later than **fifteen (15) days** after the date Plaintiff's opposition is filed.

  d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

 5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. Leave of Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

 6. All communications by Plaintiff with the Court must be served on Defendants, or their counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

 7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal

1  Rule of Civil Procedure 41(b).

2      8.    Extensions of time are not favored, though reasonable extensions will be granted. However, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

    IT IS SO ORDERED.

DATED: 8/29/05

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge